CLOSED

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CRIMINAL DOCKET FOR CASE #: 2:08-mj-04143-MEA All Defendants

Case title: USA v. Barnes
Other court case number: 07-CR-282-002-WEW Middle District of Alabama

Date Filed: 06/14/2008
Date Terminated: 06/19/2008

Assigned to: Magistrate Judge Mark E Aspey

### Defendant (1)

**Veronica Louis Barnes**
*TERMINATED: 06/19/2008*

represented by **Luke Stephen Mulligan**
Federal Public Defenders Office
123 N San Francisco St
Ste 204
Flagstaff, AZ 86001
928-213-1942
Fax: 928-213-1946
Email: luke_mulligan@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**
None

**Disposition**

**Highest Offense Level (Opening)**
None

**Terminated Counts**
None

**Disposition**

**Highest Offense Level (Terminated)**
None

**Complaints**
None

**Disposition**

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **Camille DeAnne Bibles**<br>US Attorney's Office<br>123 N San Francisco St<br>Ste 410<br>Flagstaff, AZ 86001<br>928-556-0833<br>Fax: 928-556-0759<br>Email: Camille.Bibles@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 06/14/2008 | 1 | Rule 5(c)(3) Documents Received as to Veronica Louis Barnes (CSH) (Entered: 06/16/2008) |
| 06/14/2008 | | Arrest of Veronica Louis Barnes (CSH (Entered: 06/16/2008) |
| 06/16/2008 | 2 | Minute Entry for proceedings held before Magistrate Judge Mark E Aspey: FINANCIAL AFFIDAVIT TAKEN; Initial Appearance in Rule 5(c)(3) Proceedings as to Veronica Louis Barnes held on 6/16/2008. Appointment of counsel hearing held and appearance entered by Luke Stephen Mulligan (AFPD) for defendant. Detention Hearing and Identity/Removal Hearing - Rule 5(c)(3) set for 6/19/2008 10:00 AM in First Floor Courtroom, 123 North San Francisco Street, Flagstaff, AZ 86001 before Magistrate Judge Mark E Aspey. (Court Reporter COURTSMART)(CSH) (Entered: 06/16/2008) |
| 06/16/2008 | 3 | NOTICE that conflict does NOT exist as to Magistrate Judge Aspey by USA as to Veronica Louis Barnes. (CSH) (Entered: 06/16/2008) |
| 06/16/2008 | 5 | ORDER OF TEMPORARY DETENTION pending detention and identity/removal hearings set for 6/19/08 at 10:00 am before Magistrate Judge Aspey as to Veronica Louis Barnes. Signed by Magistrate Judge Mark E Aspey on 6/16/08.(CSH) (Entered: 06/16/2008) |
| 06/19/2008 | 6 | TRANSCRIPT DESIGNATION AND ORDER FORM by Veronica Louis Barnes for proceedings held on 6/19/2008 before Judge Mark E. Aspey. (Fine, Deborah) (Entered: 06/19/2008) |
| 06/19/2008 | 7 | Minute Entry for proceedings held before Magistrate Judge Mark E Aspey: Detention Hearing held and Rule 5(c)(3) Identity Hearing as to Veronica Louis Barnes waived on 6/19/2008. Warrant of Removal to be issued. Defense counsel makes a Rule 26.2 request. Government witness, Kris Jacobsen-Special Agent, and defense witness, Paul David Jones-Pastor, and Gonzalez-neighbor, sworn and testified in regards to the detention hearing. Defense counsel admits exhibits #1 and #2, no objection by the government, court orders exhibits #1 and #2 be submitted. Defense counsel requests the pretrial report filed be amended on Page 2 paragraph on finances, no objection by the government, |

|  |  | Court order report be amended that defendant does not have ownership interest in property(residence).(Court Reporter COURTSMART) (CSH) (Entered: 06/19/2008) |
| --- | --- | --- |
| 06/19/2008 | 8 | WAIVER of Rule 40 Hearings by Veronica Louis Barnes (CSH) (Entered: 06/19/2008) |
| 06/19/2008 | 9 | ORDER OF DETENTION pending trial as to Veronica Louis Barnes. Signed by Magistrate Judge Mark E Aspey on 6/19/08.(CSH) (Entered: 06/19/2008) |
| 06/19/2008 | 10 | COMMITMENT TO ANOTHER DISTRICT as to Veronica Louis Barnes. Defendant committed to District of MIDDLE DISTRICT OF ALABAMA. Veronica Louis Barnes terminated. Signed by Magistrate Judge Mark E Aspey on 6/19/08.(CSH) (Entered: 06/19/2008) |
| 06/19/2008 | 11 | NOTICE/LETTER to Middle District of Alabama with attached documents as to Veronica Louis Barnes (CSH) (Entered: 06/19/2008) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 06/20/2008 07:05:59 | | | |
| PACER Login: | us4894 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:08-mj-04143-MEA |
| Billable Pages: | 1 | Cost: | 0.08 |

```
06/12/2008  14:50   9282100152          USMS D/AZ FLAGSTAFF        PAGE  01/08
06/12/2008  16:13   334    7726         US MARSHALS SERVICE        PAGE  22
```

AO 442  (Rev. 10/03) Warrant for Arrest

# UNITED STATES DISTRICT COURT

__MIDDLE__ District of __ALABAMA__

UNITED STATES OF AMERICA

V.

VERONICA LOUIS BARNES

**WARRANT FOR ARREST**

Case Number: 2:07cr282-002-WKW

08-04143m-001-PCT-MEA

OCA 6/14/08

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest __VERONICA LOUIS BARNES__
                                                                      Name

and bring him or her forthwith to the nearest magistrate judge to answer a(n)

Second Superseding
[X] Indictment  [ ] Information  [ ] Complaint  [ ] Order of court  [ ] Probation Violation Petition  [ ] Supervised Release Violation Petition  [ ] Violation Notice

charging him or her with  (brief description of offense)

Conspiracy to poss. with Intent to dist. Controlled Substance
Use of communication facility for commission of drug crime

In violation of Title __21__ United States Code, Section(s) __846; 843(b)__

__DEBRA P. HACKETT__
Name of Issuing Officer

By: _[signature]_
Signature of Issuing Officer

__CLERK, U.S. DISTRICT COURT, MIDDLE ALABAMA__
Title of Issuing Officer

__January 10, 2008, Montgomery, AL__
Date and Location

**COPY**

ORIGINAL RETURN
WARRANT ON FILE
THIS COPY FOR INVESTIGATIVE PURPOSES ONLY.

This warrant was received and executed with the arrest of the above-named defendant at

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST | | |

```
928-226-8385                              Flagstaff Post of Duty           Jun 13 08 11:33a
                                                                                     p.2
```

06/12/2008 14:50  92821?2152          USMS D/AZ FLAGSTAFF        PAGE 02/08
06/12/2008 16:13  334??37726          US MARSHALS SERVICE        PAGE 03

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
JAN -9 2008

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| LUIS SOLANO, a.k.a. Gordo; ) | |
| VERONICA LOUIS BARNES; ) | |
| RUDOLFO VALENZUELA, ) | 2:07cr282-WKW |
|     a.k.a. Rudy; ) | 21 USC §§ 846 & 841(a)(1) |
| RONNIE DALE NOBLE; ) | 843(b) |
| DANNY EVANS; ) | |
| VERA EVANS; ) | |
| STEVE CATON; ) | |
| ERIC LANE SAUCIER; ) | |
| THOMAS FRANK CAMPBELL, ) | |
|     a.k.a. Cherokee; ) | |
| THOMAS JACKSON TAYLOR; ) | |
| THOMAS GEORGE HARTMAN; ) | |
| DANNY LEE WOOD; ) | |
| CHRISTOPHER GILMER, ) | |
|     a.k.a. Chris Brown; ) | |
| CASEY BRIAN SHAFFER; and ) | |
| PATRICK WAYNE DISMUKES, ) | |
|     a.k.a. Dizzy ) | 2nd SUPERSEDING INDICTMENT |

The Grand Jury charges:

## COUNT 1

From in or about December of 2005 until the filing of this indictment, in Autauga, Elmore, Montgomery, and Covington Counties in the Middle District of Alabama and elsewhere, the defendants,

LUIS SOLANO, a.k.a. Gordo;
VERONICA LOUIS BARNES;
RUDOLFO VALENZUELA, a.k.a. Rudy;
RONNIE DALE NOBLE;
DANNY EVANS;
VERA EVANS;

ATTEST: A True Copy.
Certified to _____ 1/11, 20 08
Clerk, U.S. District Court,
Middle District of Alabama
BY _____
                Deputy Clerk

06/12/2008  14:50   9282100152         USMS D/AZ FLAGSTAFF         PAGE 03/08
06/12/2008  16:13   334    7720        US MARSHALS SERVICE         PAGE 04

STEVE CATON;
ERIC LANE SAUCIER;
THOMAS FRANK CAMPBELL, a.k.a. Cherokee;
THOMAS JACKSON TAYLOR;
THOMAS GEORGE HARTMAN;
DANNY LEE WOOD;
CHRISTOPHER GILMER, a.k.a. Chris Brown;
CASEY BRIAN SHAFFER;
PATRICK WAYNE DISMUKES; a.k.a. Dizzy;

did knowingly and intentionally conspire, combine and agree with each other and with other persons both known and unknown to the Grand Jury to possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

## COUNT 2

That on or about the 30th day of January, 2007, in Autauga County, within the Middle District of Alabama, the defendant,

RONNIE DALE NOBLE,

did knowingly and intentionally distribute methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 3

That on or about the 31st day of January, 2007, in Autauga County, within the Middle District of Alabama, the defendant,

RONNIE DALE NOBLE,

did knowingly and intentionally distribute methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

2

p.4        928-226-8385        Flagstaff Post of Duty        Jun 13 08 11:34a

## COUNT 4

That on or about the 9th day of February, 2007, in Autauga County, within the Middle District of Alabama, the defendant,

RONNIE DALE NOBLE,

did knowingly and intentionally distribute methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 5

On or about the 2nd day of September, 2007, in the Middle District of Alabama, the defendants,

THOMAS FRANK CAMPBELL,
a.k.a. Cherokee; and
THOMAS JACKSON TAYLOR,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (334) 202-0668, in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

## COUNT 6

On or about the 4th day of September, 2007, in the Middle District of Alabama, the defendants,

RONNIE DALE NOBLE, and
VERA EVANS,

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (334) 202-0668, in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in

06/12/2008  14:58  9282199152            USMS D/AZ FLAGSTAFF           PAGE 05/08
06/12/2008  16:13  334 7726              US MARSHALS SERVICE           PAGE 06

violation of Title 21, United States Code, Section 843(b).

### COUNT 7

On or about the 3rd day of October, 2007, in the Middle District of Alabama, the defendants,

**RONNIE DALE NOBLE, and
THOMAS FRANK CAMPBELL,
a.k.a. Cherokee,**

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (334) 202-0868, in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

### COUNT 8

On or about the 17th day of October, 2007, at approximately 1:45 p.m., in the Middle District of Alabama, the defendants,

**RONNIE DALE NOBLE, and
DANNY LEE WOOD,**

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (334) 202-0868, in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

### COUNT 9

On or about the 17th day of October, 2007, at approximately 7:04 p.m., in the Middle District of Alabama, the defendants,

**RONNIE DALE NOBLE, and
DANNY LEE WOOD,**

4

Jun 13 08 11:34a    Flagstaff Post of Duty    928-226-8385    p.6

06/12/2008  14:50   928213?152            USMS D/AZ FLAGSTAFF              PAGE  07/08
06/12/2008  16:13   334   7726            US MARSHALS SE   E                PAGE  08

## COUNT 12

On or about the 30th day of November, 2007, in the Middle District of Alabama, the defendant,

**VERONICA LOUIS BARNES,**

did knowing and intentionally use a communication facility, that is a cellular telephone, bearing telephone number (334) 612-8708, in committing, causing and facilitating the offense set forth in Count 1 of this indictment and incorporated by reference herein, in violation of Title 21, United States Code, Section 843(b).

### FORFEITURE ALLEGATION

A.   Counts 1 through 12 of this indictment are hereby repeated and incorporated herein by reference.

B.   Upon conviction for any violation as alleged in Counts 1 through 12 of this indictment, the defendants,

**RONNIE DALE NOBLE,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained, directly or indirectly, as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of any violation alleged in Counts 1 through 12 of this indictment.

C.   If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

6

06/12/2008 14:50   92821?-52           USMS D/AZ FLAGS SF           PAGE 08/08
06/12/2008 16:13   3342237726          US MARSHALS SERVICE          PAGE 09

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

All in violation of Title 21, United States Code, Section 841.

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
LEURA G. CANARY
UNITED STATES ATTORNEY

*[signature]*
John T. Harmon
Assistant United States Attorney

*[signature]*
A. Clark Morris
Assistant United States Attorney

7

Jun 13 08 11:34a   Flagstaff Post of Duty   928-226-8385   p.8

AO 470 (8/85) Order of Temporary Detention

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

UNITED STATES OF AMERICA
V.

**ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT**

__VERONICA LOUIS BARNES__

Defendant

CASE NUMBER: 08-04143M-001-PHX-MEA

Upon motion of the __Government__, it is ORDERED that a removal/identity and detention hearings is set for __Thursday, June 19, 2008__ at __10:00am__

before __the Honorable Mark E. Aspey, United States Magistrate Judge__

__United States District Court, 123 North San Francisco Street, Flagstaff, Arizona__

Pending this hearing, the defendant shall be held in custody by (the United States marshal) (_____ Other Custodial Official _____) and produced for the hearing.

DATED this 16th day of June, 2008.

*Mark E. Aspey*
United States Magistrate Judge

---

*If not held immediately upon defendant's first appearance, the hearing may be continued for up to three days upon motion of the Government, or up to five days upon motion of the defendant. 18 U.S.C.§3142(f) (2).
  A hearing is required whenever the conditions set forth in 18 U.S.C.§3142(f) are present. Subsection (1) sets forth the grounds that may be asserted only by the attorney for the Government; subsection (2) states that a hearing is mandated upon the motion of the attorney for the Government or upon the judicial officer's own motion if there is a serious risk that the defendant (a) will flee or (b) will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

| UNITED STATES DISTRICT COURT | MAGISTRATE JUDGE'S MINUTES |
|---|---|
| DISTRICT OF ARIZONA - Flagstaff | |

DATE: 6/19/2008        CASE NUMBER: 08-04143M-001-PHX-MEA

USA vs. Veronica Louis Barens

U.S. MAGISTRATE JUDGE: MARK E. ASPEY    #: 70BP

A.U.S. Attorney Patrick Schneider        INTERPRETER_____
                                          LANGUAGE_____
Attorney for Defendant Deborah Fine (AFPD-for Flagstaff proceedings only)
MATERIAL WITNESS(es): _____
MATERIAL WITNESS(es) state true name(s) to be: _____
Attorney for Material Witness(es): __

DEFENDANT: ☒ PRESENT  ☐ NOT PRESENT  ☒ CUSTODY

DOA__                    ☐ Initial Appearance          ☐ Appointment of counsel hearing held
☐ Financial Afdvt taken  ☐ Defendant Sworn             ☐ Financial Afdvt sealed
☒ Rule 5(c)(3)           ☐ Defendant states true name to be __. Further proceedings ORDERED in Defendant's true name.

**DETENTION HEARING:**
☒ Held  ☐ Con't  ☐ Submitted  ☐ Waived
Set for:
Before:
☐ Defendant ordered temporarily detained in the custody of the United States Marshal
☐ Defendant ordered released_
☒ Defendant continued detained pending trial
   ☒ Flight risk  ☒ Danger

**IDENTITY/REMOVAL HEARING:**
☐ Held  ☐ Con't  ☐ Submitted  ☐ Reset
☒ Waived
Set for:
Before:
☒ Warrant of removal issued.
☐ Defendant ordered released __

**PRELIMINARY HEARING:**
☐ Held  ☐ Con't  ☐ Submitted  ☐ Reset
☐ Waived
Set for:
Before:
☐ Probable cause found  ☐ Dismissed
☐ Held to answer before District Court

**STATUS HEARING:** re: _____
☐ Held  ☐ Con't  ☐ Reset
Set for:
Before:

Other: Defense counsel makes a Rule 26.2 request. Government witness, Kris Jacobsen-Special Agent, and defense witness, Paul David Jones-Pastor, and Gonzalez-neighbor, sworn and testified in regards to the detention hearing. Defense counsel admits exhibits #1 and #2, no objection by the government, court orders exhibits #1 and #2 be submitted. Defense counsel requests the pretrial report filed be amended on Page 2 paragraph on finances, no objection by the government, Court order report be amended that defendant does not have ownership interest in property(residence).

RECORDED by Courtsmart
BY: Christina S. Hurley
Deputy Clerk

RM/ID - 5 mins.
DH - 1hr. 6 mins.

AZ WVR (7/99) Waiver of Rule 40 Hearings

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

United States of America

v.

VERONICA LOUIS BARNES

**WAIVER OF RULE 5 HEARINGS**

Case Number: 08-04443M-001-PHX-MEA

I, **Veronica Louis Barnes**, understand that in the **Middle District of Alabama**, charges are pending alleging violation of **21 USC 841 (a)(1), 846, 843(b)** and that I have been arrested in this District and taken before a United States Magistrate, who informed me of the charge and of my right to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel, (2) request transfer of the proceedings to this district pursuant to Rule 20, FED. R. Crim. P., in order to plead guilty, (3) an identity hearing to determine if I am the person named in the charge, (4) a preliminary examination (unless an indictment has been returned or an information filed) to determine whether there is probable cause to believe an offense has been committed by me, the hearing to be held either in this district or the district of prosecution, and (5) be considered for release at a detention hearing.

I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

[X] Identity hearing

[ ] Preliminary examination

[ ] Identity hearing and have been informed I have no right to a preliminary examination

[ ] Identity hearing but request a preliminary examination to be held in the prosecuting district

[ ] I reserve my right to have a detention hearing in the prosecuting district

and, therefore, consent to the issuance of an order requiring my appearance in the prosecuting district where the charge in pending against me.

*Veronica Barnes*
Defendant

*Deborah [signature]*
Defense Counsel

June 19, 2008

WO

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

UNITED STATES OF AMERICA
v.

VERONICA LOUIS BARNES

*ORDER OF DETENTION PENDING TRIAL*

Case Number: 08-04143M-001-PHX-MEA

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☒ by clear and convincing evidence the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

### PART I -- FINDINGS OF FACT

☒ (1) There is probable cause to believe that the defendant has committed

  ☒ a drug offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.

  ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

  ☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

  ☐ an offense involving a minor victim prescribed in _____.[1]

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

### PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☒ (1) I find that the credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:
Based on the nature of the alleged offense and defendant's criminal history.

---

[1] Insert as applicable: Title 18, § 1201 (kidnaping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), § 2244(a)(1)(abusive sexual contact, § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

☒ (2) I find by a preponderance of the evidence as to risk of flight that:

☐ The defendant has no significant contacts in the District of Arizona.

☒ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.

☒ The defendant has a prior criminal history.

☒ There is a record of prior failure(s) to appear in court as ordered.

☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.

☒ The defendant is facing a maximum of _life_.

☒ The defendant does not dispute the information contained in the Pretrial Services Report, except:
Page 2; Defendant indicates she does not have any ownership interest in the residence.

☒ In addition:
Defendant has a lengthy drug history. Her first child was born addicted to cocaine due to defendant's drug usage. In 2006 Child Protective Services required defendant to attend drug abuse counseling three times a week for four months. It appears defendant joined the methamphetamine distribution conspiracy alleged in the indictment either while in therapy or thereafter. Defendant's small children were in the home while defendant participated in the conspiracy. If convicted it is highly likely defendant's children will be removed by CPS and in light of the large quantities of methamphetamine alleged to have been transacted defendant will receive a lengthy prison sentence.

The Court incorporates by reference the findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

## PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATED this 19th day of June, 2008.

_____
Mark E. Aspey
United States Magistrate Judge

AO 94 (Rev 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

District of     ARIZONA

| UNITED STATES OF AMERICA<br>V.<br><br>VERONICA LOUIS BARNES | COMMITMENT TO ANOTHER DISTRICT |
|---|---|

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| | 07CR282-002-WKW | 08-04143M-001-PHX-MEA | |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

   X   Indictment     ☐ Information     ☐ Complaint     ☐ Other (specify)     Petition

charging a violation of     21 U.S.C. 841(a)(1), 846 and 843(b)

**DISTRICT OF OFFENSE**
MIDDLE DISTRICT OF ALABAMA

**DESCRIPTION OF CHARGES:**

Conspiracy to distribute controlled substance.

**CURRENT BOND STATUS:**

☐ Bail fixed at     and conditions were not met
☒ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
☐ Other (specify)

Representation:    ☐ Retained Own Counsel    X Federal Defender Organization    ☐ CJA Attorney    ☐ None

Interpreter Required?    X No    ☐ Yes    Language:

**DISTRICT OF ARIZONA**

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

June 19, 2008       _[signature]_
Date       United States Judge or Magistrate Judge

**RETURN**

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| | | |

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|
| | | |